THE KALAMAZOO NATIONAL BANK v. R. E. JOHNSON ET AL.

No. 438.

**Mechanic's Lien on Homestead — Record.** —While a contract for mechanic's lien upon the homestead, signed by the husband and wife and by her acknowledged, is valid between the parties, still without the proof or acknowledgment of the signature of the husband also, the contract can not be admitted to record; or if recorded, such record is not notice to a subsequent purchaser of the land.

APPEAL from Burnet. Tried below before Hon. W. A. BLACKBURN.

*J. G. Cook,* for appellant.—In order to secure and fix a mechanic's lien on a homestead, the contract under which the improvements are made need not be acknowledged by the husband to admit it to record. If signed by the husband and wife, and properly acknowledged by her, it fixes the lien when recorded, and is constructive notice to subsequent

purchasers.   Rev. Stats., art. 3174;   Barnes v. White, 53 Texas, 630;  Pope
v. Graham, 44 Texas, 199.

*T. E. Hammond*, for appellees.

FISHER, CHIEF JUSTICE.—This suit is brought by appellant against R.
E. Johnson and wife on three promissory notes for $96.13 each, dated
January 21, 1888, and due one, two, and three years after date, respec-
tively, each payable to the order of the "Phelps & Biglow Wind Mill
Company," and by it transferred to plaintiff on or about February 20,
1888, before maturity and for a valuable consideration; and further, to
foreclose a mechanic's lien on a certain tract of land in Burnet County,
the homestead of appellees R. E. Johnson and wife, evidenced and se-
cured by a written contract dated December 14, 1887, under which cer-
tain improvements were erected upon said homestead, and in pursuance
of which the notes sued on were executed.   The plaintiff further alleged
the execution of the contract by R. E. Johnson and wife, Mrs. M. L.
Johnson, the privy acknowledgment of Mrs. M. L. Johnson, and its rec-
ord in Burnet County on the 23rd day of January, 1888, the sale of the
land by Johnson and wife to defendant John H. Barrett, Jr., on the 12th
day of July, 1889, who purchased with actual and constructive notice of
plaintiff's said lien.   Prayer for judgment against R. E. Johnson and
wife for the amount due on the notes, and against all of the defendants
for a foreclosure of the mechanic's lien.

Defendants answered by general and special exceptions, general denial,
and plea of failure of consideration.

Trial before the court without a jury, and judgment was rendered in
favor of plaintiff against R. E. Johnson for $351.20, and in favor of Mrs.
M. L. Johnson and John H. Barrett, Jr., against plaintiff; from which
judgment plaintiff prosecutes this appeal.

The following are the findings of fact and conclusion of law filed by
the trial court:

"1.   That on the 14th day of December, 1887, an agreement was made
in writing between R. E. Johnson and Mrs. R. E. Johnson, his wife, party
of the first part, and the Phelps & Biglow Wind Mill Company, party
of the second part, in which, among other things, it was agreed by said
wind mill company to erect a wind mill and appurtenances on the land
described in said contract, and belonging to the parties of the first part.

"2.   That for said wind mill, etc., the parties of the first part agreed
to pay the several sums of money specified in the three following de-
scribed promissory notes [describing all three of the notes sued on].

"3.   Before the maturity of said notes, they were all, for a valuable
consideration, sold, assigned, and delivered to plaintiff, the Kalamazoo
National Bank.

" 4. That no part of said notes has been paid, but the whole amount is still due and owing to plaintiff.

" 5. That the said written agreement or contract in the first finding hereof was properly acknowledged for record by M. L. Johnson, wife of said R. E. Johnson.

" 6. That the Mrs. R. E. Johnson who signed said instrument and the M. L. Johnson who acknowledged the same as aforesaid are one and the same person.

" 7. That the said R. E. Johnson, husband of M. L. Johnson, never acknowledged said instrument for record.

" 8. That said instrument was filed in the office of the county clerk of Burnet County, Texas, for record on the 23rd day of January, 1888, and therein recorded by the clerk on the same day.

" 9. That on the 12th day of July, 1889, John H. Barrett, Jr., one of the defendants, for a valuable consideration, and without notice of any lien of plaintiff on said land, purchased the same from the said R. E. and M. L. Johnson, and received a proper deed for the same.

"10. That said wind mill was utterly worthless for the purposes intended in said agreement.

"As a conclusion of law, the court holds that plaintiffs are entitled to recover of the defendant R. E. Johnson the sum of $351.20, the aggregate amount of said three promissory notes, with the interest that has accrued thereon to this date; and that as said instrument, called an agreement, dated 14th day of December, 1887, signed by R. E. Johnson and Mrs. R. E. Johnson of the one part, and the Phelps & Biglow Wind Mill Company of the other part, was never acknowledged for record by the said R. E. Johnson, that therefore the same was improperly acknowledged, and created no lien in favor of plaintiffs or their assignors; and that therefore defendant Barrett acquired a good title to the land by his said purchase."

In addition to the foregoing facts found by the trial court, which we adopt as the findings of fact by this court, we also find that the contract signed by Johnson and wife in terms gave a lien upon the land therein described to secure the notes sued on.

*Opinion.*—The sole question that we consider in disposing of this case is, was the registration of the contract signed by Johnson and wife, but only acknowledged and proven up for record by Mrs. Johnson, sufficient as notice to subsequent purchasers for value from Johnson and wife of the land therein described ?

It is not pretended that Barrett, the subsequent purchaser, had any notice or knowledge of the contract or lien thereby created, except as may have been given by the registration of the instrument.

This being a lien upon the homestead for material and improvements

erected upon it, we look to article 3174, Sayles' Civil Statutes, to ascertain how the lien can be created and preserved. It provides for the execution of a contract in writing, which shall be signed by the husband and wife, and acknowledged by her as is required in making a sale of the homestead. This article also requires that such contract shall be recorded in the county clerk's office of the county where the property is situated.

Article 560, Sayles' Civil Statutes, regulating the manner of the conveyance of the homestead, provides, that it shall not be conveyed without the consent of the wife, and such consent shall be evidenced by her joining in the conveyance and signing her name thereto, and also by her separate acknowledgment, taken in the manner prescribed by law.

Article 548, Sayles' Statutes, requires a conveyance of real estate to be in writing and subscribed and delivered by the party disposing of the same.

In view of these articles of the statute quoted, we do not think it is essential to a conveyance of the homestead or the creation of the lien upon it authorized by article 3174, that the husband should acknowledge the instrument, as is required by the wife. But the conveyance should be in writing, and he should join in it and properly sign it, and be a party to its delivery. In other words, these provisions of the law that regulate the conveyance of the homestead are the same as those that regulate the conveyance of other real property, except that the separate acknowledgment of the wife is required in the first instance in order to create the conveyance.

The contract in this case, without the acknowledgment of its execution by the husband, is, as between the parties to it, good, and could, as between them, be enforced; but is it, in this condition, without acknowledgment, entitled to be recorded? And if so recorded, is it notice to a subsequent purchaser?

The latter part of article 3174 says, "and all such contracts shall be recorded in the county clerk's office."

Does this mean that such instruments, although not acknowledged by the husband, may be recorded, and that it was the purpose of the Legislature to make an exception in favor of this character of instruments, and to permit them to be recorded in such a condition that under the general registration statutes other conveyances of the homestead could not be recorded? The general statutes with reference to conveyances, except in the separate acknowledgment by the wife in a sale of the homestead and her separate estate, do not require, in order for the instrument to operate as a conveyance, that it shall be acknowledged by the makers; but it is required by our general registration statutes that all such instruments and conveyances, whether of the separate estate of the wife or of the husband, or other real property, or lien or encumbrance upon it, shall, as a prerequisite to its registration, be acknowledged by the makers or proven up

for registration before some officer authorized to take such acknowledgments or hear such proof.   This must be done in order to entitle the instrument to be recorded.   And it has been repeatedly held in this State, that the registration of such instruments and conveyances without their proper acknowledgment is insufficient to charge a subsequent purchaser with notice.   In other words, such registration of the conveyance without acknowledgment is improper, and it will not impart notice.   Nor will the registration of the conveyance of the homestead only acknowledged by the wife, though signed by the husband, dispense with the acknowledgment of the instrument by the husband, and make such record in this condition notice that the conveyance is perfect.   The wife and husband must join in the conveyance in order to make it effective, and we think that both should acknowledge it in order to entitle it to registration when the record is relied on to show that the conveyance exists.

The purpose of the law in requiring the instrument to be acknowledged before it is entitled to registration is, that acknowledgment is proof of its execution, and the fact of execution is required by the law to be shown before the instrument is entitled to be spread upon the records of the county.   A subsequent purchaser, looking to the record of the former conveyance of the homestead, would find, as in this case, the record of an instrument in which, in legal contemplation, the husband has not joined, because the proof of this fact, as required by law in order to make the record show a good and complete conveyance when tested by the record, has not been shown.

If this was a case in which the husband alone could convey, it could not be pretended that the registration of the conveyance without its proper acknowledgment would be notice; and the same rule should apply in this case, when it appears that it is essential to the validity of the instrument that both should execute it.

The husband and wife joining in the conveyance of the homestead is taken as one act, and it must be a conveyance as to both in order for it to pass title.   If it is defective as to either, the instrument will not convey the homestead.

We do not believe that article 3174 intended to prescribe a different mode of registration than that required by the general registration statutes.   And it is to these statutes we look in order to ascertain if the record of this instrument is sufficient to convey notice to subsequent purchasers.

With this view of the question, we affirm the judgment.

*Affirmed.*

Delivered December 13, 1893.